109399-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23-CV-22877

BERLINE LOUIS JUSTE,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC. D/B/A
DD'S DISCOUNT STORE,
    Defendant.
_____/

## DEFENDANT ROSS DRESS FOR LESS, INC.'S NOTICE OF REMOVAL

Defendant, Ross Dress for Less, Inc. d/b/a DD's Discount Store ("Ross" or "Defendant"), by and through its undersigned counsel, hereby files its Notice of Removal to this Court of the above-styled action pursuant to 28 U.S.C. sections 1441(b) and 1446(a), and 28 U.S.C. section 1332, and as support thereof, Ross states as follows:

*Factual Background*

1. Ross is the sole Defendant in a civil action filed by Plaintiff on March 17, 2023, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-005434-CA-01, which asserted a claim against Ross for negligence under a premises liability theory. (*See* Pl.'s Compl., attached hereto as Exhibit "A").

2. This action involves Plaintiff's personal injuries as a result of her allegedly slipping and falling on a liquid substance in a DD's Discount store on or about October 31, 2021 (hereinafter "subject incident"). (*See id*. at ¶ ¶ 1, 7). Plaintiff's Complaint was served on Ross's Registered Agent on July 6, 2023. (*See* Verified Return of Service, attached hereto as Exhibit "B").

3. Plaintiff's Pre-Suit Demand Package, dated May 1, 2022, and Plaintiff's Supplemental Pre-Suit Demand Package, dated January 10, 2023, indicate Plaintiff suffered injury to her head, neck, right shoulder, mid back, lower back, right ankle, and right foot as a result of the subject incident, and has incurred $75,702.02 in medical bills as a result of her treatment for said injuries. (S*ee* Pl.'s Demand Package (redacted), attached hereto as Exhibit "C"; Pl.'s Suppl. Demand Package (redacted), attached hereto as Exhibit "D").

4. This Notice of Removal is being filed within thirty (30) days after receipt by Ross of Plaintiff's Complaint setting forth claimed damages in excess of the jurisdictional threshold for removal. (*See* 28 U.S.C. § 1446(b); *see also* Verified Return of Service; Pl.'s Suppl. Demand Package). No further state court proceedings have taken place as of the date of this Notice of Removal.

5. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and (2) the action is between citizens of different states.

*The Parties are Completely Diverse*

6. Plaintiff resides in Miami-Dade County, Florida. (*See* Pl.'s Compl. at ¶ 2). To be a "citizen" of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). In determining domicile, a court should consider both positive evidence and presumptions. *Id.* One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.* Therefore, Plaintiff's citizenship in

CASE NO. 1:23-CV-22877

the State of Florida is assumed for diversity purposes.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (explaining that "[c]itizenship is the equivalent to domicile for purposes of diversity jurisdiction.").

7. Ross is incorporated in the state of Virginia and its principal place of business is located at 5130 Hacienda Drive, Dublin, California 94568.  (*See* Fla. Div. of Corp. Detail by Entity Name, attached hereto as Exhibit "E").  Consequently, Ross is a citizen of Virginia and California.

8. Therefore, complete diversity of citizenship exists between Plaintiff and Ross.

### *The Amount-in-Controversy Requirement is Satisfied*

9. As to the amount-in-controversy requirement, Plaintiff's Complaint alleges damages in excess of $75,000.00, exclusive of interest and costs.  (*See* Pl.'s Compl. at ¶ 1).

10. Additionally, on May 1, 2022, and January 10, 2023, prior to this action commencing, Plaintiff served Ross with a Pre-Suit Demand Package and Supplemental Pre-Suit Demand Package indicating Plaintiff suffered injury to her head, neck, right shoulder, mid back, lower back, right ankle, and right foot, which required medical intervention in the form of a right knee cortisone injection, medial branch block injections at the L1–S1 levels, and interlaminar lumbar steroid injections at the L4–5 level as a result of the subject incident.  (*See* Pl.'s Demand Package; Pl.'s Suppl. Demand Package).  Moreover, as a result of Plaintiff's injuries, Amy Starry, D.O., recommended Plaintiff undergo surgical intervention in the form of a right knee arthroscopy with meniscal repair, and Santiago Figuereo, M.D., recommended Plaintiff consider surgical intervention in the form of a discectomy and artificial disc replacement at the L4–5 level.  (*See* Pl.'s Demand Package; Pl.'s Suppl. Demand Package).  Per Plaintiff's Supplemental Demand Package, Plaintiff's medical bill totals are as follows:

CASE NO. 1:23-CV-22877

- $30,342.88 – Alliance Spine & Joint, Inc.
- $25,939.14 – Aventura Surgery Center
- $5,550.00 – Open MRI of Miami-Dade, Ltd.
- $3,240.00 – ProMed Anesthesia
- $10,630.00 – Sobe Health Center

(*See* Pl.'s Suppl. Demand Package). And, according to Plaintiff's Supplemental Demand Package, she has incurred $75,702.02 in medical expenses to date.[1] (*Id.*). The Supplemental Demand also advised Plaintiff was seeking $450,000.00 for settlement of the claim.[2] (*See id.*).

11. Based on the representations made by Plaintiff concerning the total figures at issue, the amount-in-controversy requirement is established. *See* 28 U.S.C. § 1446(b).

12. Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332(a), as this action involves: (1) citizens of different states, and

---

[1] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

[2] "Courts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." *Wilson v. Target Corp.*, Case No. 10–CV–80451, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (discussion of the judicial development of the term "other paper").

**CASE NO. 1:23-CV-22877**

(2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

***The Procedural Requirements for Removal Have Been Completed by Ross***

13. Simultaneous to the filing of this Notice of Removal, Ross has given written notice of the filing of this Notice to Plaintiff, as required by 28 U.S.C. section 1446(d).

14. A copy of this Notice has likewise been filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida (attached hereto as Exhibit "F"), in compliance with the requirements of 28 U.S.C. section 1446(d).

15. True and correct copies of all documents that were filed in the state action are attached hereto as Composite Exhibit "G".

16. Pursuant to 28 U.S.C. section 1441(a), venue is proper in the Southern District of Florida as the state action was filed and pending within the jurisdictional boundaries of this District.

Dated: August 2nd, 2023

                                       Respectfully submitted,

                                       */s/ Daniel F. Ieraci*
                                       Jason A. Glusman, Esquire, (0419400)
                                       jglusman@wickersmith.com
                                       Daniel F. Ieraci, Esquire (124388)
                                       Dieraci@wickersmith.com
                                       Logan F. Beckman, Esquire (1040693)
                                       Lbeckman@wickersmith.com
                                       WICKER SMITH O'HARA McCOY & FORD, P.A.
                                       515 E. Las Olas Boulevard
                                       SunTrust Center, Suite 1400
                                       Ft. Lauderdale, FL 33301
                                       Telephone:   (954) 847-4800
                                       Facsimile:    (954) 760-9353
                                       *Attorneys for Ross Dress for Less, Inc.*

**CASE NO. 1:23-CV-22877**

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on August 2nd, 2023, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Daniel F. Ieraci*
Daniel F. Ieraci, Esquire (124388)

**SERVICE LIST**

William Ruggiero, Esquire (FBN: 878499)
Ruggiero@wcrlaw.com
Law Offices of William C. Ruggiero
200 South Andrews Avenue
Museum Plaza, Suite 703
Ft. Lauderdale, Florida 33301
Telephone: (954) 462-2300
*Attorney for Plaintiff*